IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory McDowell, ) | Case No.: 4:23-cv-00220-JD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| South Carolina Department of Public Safety ) | |
| and Brendan Delaney, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 17.)  Plaintiff Gregory McDowell ("Plaintiff" or "McDowell") brought this action pursuant to 42 U.S.C. § 1983, alleging violations of civil rights, among other things, by Defendants South Carolina Department of Public Safety ("Defendant" or "SCDPS") and Brendan Delaney ("Delaney") surrounding a traffic stop that occurred on March 11, 2021.  (DE 1-1.)

On January 18, 2023, Defendant South Carolina Department of Public Safety filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (DE 4.)  Plaintiff did not file a Response.  The Report was issued on February 28, 2023, recommending that Defendant SCDPS's Motion to Dismiss be granted and Plaintiff's causes of action against SCDPS for Negligent Infliction of Emotional Distress, Outrage, and any claims pursuant to § 1983 be

---

[1]   The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

dismissed as a matter of law. Additionally, the Report recommends finding that Plaintiff's claims for attorney's fees and punitive damages related to these claims should be dismissed. (DE 17.)

Plaintiff has not filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 17) and incorporates it herein.

It is, therefore, **ORDERED** that Defendant's Motion to Dismiss (DE 4) is granted and Plaintiff's causes of action against SCDPS for Negligent Infliction of Emotional Distress, Outrage, and any claims pursuant to § 1983 are dismissed. It is further **ORDERED** that Plaintiff's claims for attorney's fees and punitive damages related to these claims are dismissed.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 12, 2023

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.